**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ATANYA BERNARD,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Civil Action No. 4:14-cv-145-O** |
| **CITIMORTGAGE, INC.,** | § | |
| **Defendant.** | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. No objections were filed. The District Court reviewed the proposed findings, conclusions and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Plaintiff Atanya Bernard ("Plaintiff") filed her Petition for Temporary Restraining Order to Stop Eviction requesting that the Court "restrain and stop an illegal eviction." Notice of Removal Ex. A (Petition), App. at 2, ECF No. 1-1. Defendant CitiMortgage, Inc. ("Defendant") asserts that Plaintiff's claims for (1) violations of the Fair Debt Collection Practices Act, (2) wrongful eviction, (3) fraud, (4) violations of the United States Constitution, and (5) other federal claims should be dismissed for failure to state a claim. *See generally* Def.'s Br. Supp. Mot. Dismiss, ECF No. 7.

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

State-law fraud claims and federal securities claims are both subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338-39 (5th Cir. 2008) (citations omitted). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Pleading "fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires the complaint to set forth the who, what, when, where, and how of the events at issue." *Dorsey*, 540 F.3d at 339 (citation omitted) (internal quotation marks omitted).

The Court finds that Plaintiff has failed to plead sufficient facts to state a plausible claim to relief. First, Plaintiff failed to provide factual allegations that Defendant is a "debt collector" under the Fair Debt Collection Practices Act. *See Wiggins v. Wells Fargo & Co.*, No. 3-09-cv-2003-N, 2010 WL 342246, at *3 (N.D. Tex. Jan. 29, 2010) (Godbey, J.); *see also Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 F. App'x 523, (5th Cir. 2008). Further, Plaintiff's Petition does not contain sufficient factual allegations to support a claim under the Fair Debt Collection Practices Act. The Court also finds that Plaintiff has failed to plead facts establishing the elements of a wrongful eviction claim.[1] Third, Plaintiff failed to plead with particularity "'the who, what, when, where, and how'" to support a fraud claim. *See Dorsey*, 540 F.3d at 339 (citation omitted). Finally, the Court finds that Plaintiff failed to state a plausible claim based on Defendant's alleged violations of the United States Constitution.[2] *See* Notice of Removal Ex. A (Notice for Cease and Desist), App. at 6, ECF No. 1-1. In conclusion, the Court finds that Plaintiff's Petition does not contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

---

[1] The elements of a wrongful eviction claim are: "(1) the existence of an unexpired lease contract; (2) occupancy of the property in question by the plaintiff; (3) eviction or dispossession by the landlord; and (4) damages attributable to the eviction." *Lo Voc v. JP Morgan Chase Bank, NA*, No. 3:12-cv-1342-M, 2012 WL 6772061, at *5 (N.D. Tex. Dec. 5, 2012) (Mag, J., Ramirez) (citations omitted).

[2] Plaintiff claims Defendant committed fraud, "infring[ed] on [her] individual rights and discrimination under a color of law," and violated her civil rights. *See* Notice of Removal Ex. A (Notice for Cease and Desist), App. at 6, ECF No. 1-1. Private actors may be susceptible to suit under 42 U.S.C. § 1983 when they "are endowed by the State with powers or functions governmental in nature . . . ." *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460 (5th Cir. 2003) (quoting *Evans v. Newton*, 382 U.S. 296, 299 (1966)); *see also Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 872 n.1 (5th Cir. 2012) (Higginson, J., concurring) ("[W]hen purely private conduct causes injury, the Fourteenth Amendment is not implicated.") (citing *United States v. Cruikshank*, 92 U.S. 542, 544 (1885)). Plaintiff has not provided any allegations that indicate Defendant's conduct "may be fairly characterized as 'state action.'" *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).

Based on the foregoing, Defendant CitiMortgage, Inc.'s Motion to Dismiss (ECF No. 6) is hereby **GRANTED** and Plaintiff's claims against Defendant are hereby **DISMISSED without prejudice**.

**SO ORDERED** on this **7th day** of **May, 2014.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE